Filed 3/30/23 P. v. Assid CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | G061780 |
|       v. | (Super. Ct. No. 99NF0465) |
| SALIM ASSID, JR., | O P I N I O N |
|     Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Lewis Clapp, Judge. Affirmed.

Gene D. Vorobyov, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*        \*        \*

The trial court denied defendant Salim Assid Jr.'s Penal Code section 1170.95 petition seeking to vacate his murder and attempted murder convictions (now Pen. Code, § 1172.6).[1] The court ruled: "Based on [the jury] instructions and the jury's corresponding findings, it is clear that [Assid] was convicted as the actual killer and thus would still be guilty of the offenses under current law."

Assid filed a notice of appeal. Appointed appellate counsel filed an opening brief raising no arguable issues. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Assid did not file a supplemental brief on his own behalf.

In the interests of justice, this court has reviewed the record and found no arguable issues. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 230 ["if the appellate court wishes, it may also exercise its discretion to conduct its own independent review of the record in the interest of justice"].) Thus, we affirm the order of the trial court.

I

PROCEDURAL HISTORY

In November 2000, a jury convicted Assid of murder, attempted murder, and shooting at an occupied motor vehicle. The jury found true various sentence enhancements, including that Assid personally discharged a firearm. The trial court imposed an aggregate sentence of 90 years to life. This court affirmed the judgment on appeal. (*People v. Assid* (Mar. 6, 2003, G028531) [nonpub. opn.].)

In April 2022, Assid filed a petition seeking to vacate his murder and attempted murder convictions and to be resentenced. (See § 1172.6.)

In June 2022, the prosecution filed a response, which included copies of the charging document (the information), the jury instructions used in the 2000 trial, the

---

[1] Further undesignated statutory references are to the Penal Code. The Legislature renumbered former section 1170.95 without substantive change, effective June 30, 2022. (Stats. 2022, ch. 58, § 10.)

verdict forms, and the underlying unpublished opinion.

In September 2022, the trial court conducted a prima facie hearing and denied the petition: "Without reviewing the facts underlying petitioner's conviction or engaging in any factfinding, a review of the jury instructions and verdict forms alone establishes that petitioner is ineligible for relief as a matter of law."

Assid's trial counsel filed a notice of appeal on his behalf.

II

DISCUSSION

When appointed counsel has identified no arguable issues on appeal, the appellate court independently reviews the record for any arguable issues. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which . . . is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

Here, after independently reviewing the record, this court has similarly found no arguable issues. The absence of jury instructions on the felony-murder rule and/or the natural and probable consequences doctrine, as well as the jury's true findings on the personal use of a firearm, allegations confirm Assid is ineligible for relief under section 1172.6 as a matter of law.

Thus, the trial court properly denied the petition under the relevant provisions of section 1172.6. (See *People v. Lewis* (2021) 11 Cal.5th 952, 961-970.)

3

## III

## DISPOSITION

The order is affirmed.

MOORE, J.

WE CONCUR:

O'LEARY, P. J.

DELANEY, J.